UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA SHANTAE MARSHALL,<br><br>                                  Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>                                Defendant. | Case No. 16-cv-00666-BAS-PCL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES (ECF No. 33)** |

Presently before the Court is Plaintiff Trina Shantae Marshall's motion for approval of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 33.) The Commissioner of Social Security responded to the motion. (ECF No. 35.) The Court finds Marshall's motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion for approval of attorney's fees.

## I. BACKGROUND

On September 24, 2012, Marshall filed an application for disability insurance benefits under Title II of the Social Security Act. (Administrative Record ("AR") 160–61, ECF No. 8.) The application was denied on initial administrative review and on

---

[1] The Court substitutes Commissioner of Social Security Andrew M. Saul in place of the former official, Acting Commissioner of Social Security Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d)(1).

1  reconsideration, after which Marshall requested her claim be heard before an
2  administrative law judge ("ALJ"). (*See* AR 83, 95, 110–16.) A hearing was held before
3  ALJ Peter Valentino on September 26, 2014. In a decision dated December 17, 2014, the
4  ALJ determined that Marshall was not disabled under the meaning of the Social Security
5  Act. (AR 22–32.) Marshall's request for review was denied by the Appeals Council,
6  making the ALJ's decision the final decision of the Commissioner.

7  To challenge the Commissioner's decision, Marshall retained counsel and entered
8  into a Retainer Agreement and Assignment ("Retainer Agreement"). (Retainer Agreement,
9  Ortega Decl. ¶ 4, Ex. A, ECF No. 33-3.) The Retainer Agreement provides that her counsel
10 will appeal the denial of benefits to this Court and continue to represent Marshall if the
11 Court remands the matter to the agency. (*Id.* Recitals.) Further, if the appeal is successful
12 and the agency awards past-due benefits, Marshall agrees that her counsel may seek fees
13 under 42 U.S.C. § 406 of up to "25% of the past-due benefits due to [Marshall] and [her]
14 family." (*Id.* § 3.)

15 On March 18, 2016, Marshall sought judicial review in this Court. (ECF No. 1.)
16 She and the Commissioner then filed cross-motions for summary judgment. (ECF Nos.
17 13, 22.) On February 23, 2017, the Magistrate Judge issued a Report & Recommendation
18 ("R&R") recommending that the Court remand the case for further proceedings. (ECF
19 No. 26.) The Commissioner objected to the R&R. (ECF No. 27.)

20 On May 12, 2017, the Court issued an order granting in part Marshall's motion for
21 summary judgment and denying the Commissioner's cross-motion. (ECF No. 29.) In
22 brief, the Court found that the ALJ committed harmful error by improperly discounting
23 Marshall's pain testimony and rejecting the opinions of her treating doctors. (*Id.*) Hence,
24 although the Court ultimately declined to adopt the R&R's reasoning, the Court found it
25 appropriate to reverse the Commissioner's decision and remand the matter for further
26 proceedings. (*Id.*)

27 In light of the Court's decision, the parties stipulated to an award of attorney's fees
28 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 30.) The

Court approved the stipulation and awarded Marshall $5,500 in attorney's fees. (ECF No. 31.) The Court's order noted that this award was "without prejudice to any rights of Plaintiff's counsel to seek Social Security Act attorney's fees under 42 U.S.C. § 406(b)." (*Id.*)

Upon remand, the ALJ held a second hearing. And in a fully-favorable decision dated July 1, 2019, the ALJ found Marshall to be disabled as of January 1, 2012—her amended disability onset date. (Ortega Decl. ¶ 8.) Accordingly, on October 9, 2019, the agency issued a Notice of Award of $178,934.50 in past-due benefits for June 2012 through August 2019. (Notice, Ortega Decl. ¶ 9, Ex. C, ECF No. 33-5.) The Notice also stated: "Because of the law, we usually withhold 25 percent of the total past-due benefits or the maximum payable under the fee agreement to pay an approved lawyer's fee. We withheld $44,733.63 from your past-due benefits to pay the lawyer." (*Id.*)

Marshall now returns to this Court to seek approval of attorney's fees of $44,733.63—the amount withheld by the agency. (Mot., ECF No. 33.) The real-party-in-interest, Marshall's counsel, served a copy of the motion on Marshall and informed her that she could oppose the request. (ECF No. 33-8.) She has not done so. The Commissioner, however, has filed a response. (ECF No. 35.)

## II. ANALYSIS

The law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. § 406(a)–(b). The representation here concerned Marshall's claim for benefits under Title II of the Social Security Act. Title II "'is an insurance program' that 'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Culbertson v. Berryhill*, 139 S. Ct. 517, 519–20 (2019) (quoting *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988)). A claim for Title II benefits may "result in payments of past-due benefits—*i.e.*, benefits that accrued before a favorable decision—as well as ongoing monthly benefits." *Id.* (citations omitted).

Marshall received an award of past-due benefits after this Court entered a judgment in her favor. Hence, the relevant fee provision is 42 U.S.C. § 406(b). This statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Accordingly, § 406(b) limits fees for representation before the court "to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees." *Culbertson*, 139 S. Ct. at 520.

Social Security claimants routinely enter into "contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). In *Gisbrecht*, the Supreme Court determined that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. Instead, because the statute authorizes a "reasonable fee," it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See id.*

Further, where a contingency agreement exists, the Supreme Court emphasized that the starting point for assessing the reasonableness of the fee amount is the agreement itself, not the familiar lodestar method. *Gisbrecht*, 535 U.S. at 797–809. In testing the contingency agreement's reasonableness, the court may appropriately reduce "the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, a downward adjustment may be justified if the attorney was responsible for delay, "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* at 808. Moreover, where counsel is set to receive a windfall because "the benefits are large in

comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *See id.* at 808; *accord Astrue*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."). "As evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." *Astrue*, 586 F.3d at 1151. However, "'satellite litigation' over attorneys' fees should not be encouraged." *Id.* at 1152 (quoting *Gisbrecht*, 535 U.S. at 808). Finally, although the court's focus is on the contingency agreement, the court can "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee."[2] *Id.*

Marshall's Retainer Agreement authorizes her counsel to receive "twenty-five percent" of her past due benefits, subject to court approval. (Retainer Agreement § 2.) In assessing whether the requested 25% fee is reasonable, the Court initially notes that there is no evidence of "fraud or overreaching" in the negotiation of the Retainer Agreement. *See Astrue*, 586 F.3d at 1145. Indeed, such agreements are common, and Marshall has been given the opportunity to oppose the motion for approval of her counsel's fee. She has not done so. Further, a reduction for substandard performance is not warranted. Marshall's counsel ably represented her and was successful in receiving a favorable judgment that led to her award of substantial past-due benefits. Nor is a reduction for delay warranted here. Both parties received routine extensions of time to brief their cross-motions for summary judgment. There "was no 'excessive delay' attributable to" Marshall's counsel in the proceedings before this Court. *See id.* at 1146.

The only factor that gives the Court pause is the proportionality of Marshall's counsel's requested fee. Marshall's counsel spent 29.30 hours on her case at the district

---

[2] Because fees under § 406(b) are paid from past-due benefits, the Commissioner of Social Security "has no direct financial stake in the answer to the § 406(b) question; instead [he] plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6. The Commissioner has done so here and provides an analysis of Marshall's fee request and "takes no position on the reasonableness of the request." (ECF No. 35.)

court level. Therefore, counsel's request for $44,733.63 in fees amounts to approximately $1,526.75 an hour. (*See* Ortega Decl. ¶ 7, Ex. B, ECF No. 33-4.) Marshall's counsel argues the time spent "is certainly well within the norm for such cases and is highly reasonable in light of the favorable result ultimately achieved." (Mot. 9.) Further, Marshall's counsel argues "an experienced attorney 'should not be penalized for his efficiency by basing his reimbursement on a lower hourly rate.'" (*Id.* 10 (quoting *Lacatena v. Sec'y of Health & Human Servs.*, 785 F. Supp. 319, 322 (N.D.N.Y. 1992)).) Her counsel also highlights various district court decisions in the Ninth Circuit approving comparable fees at comparable hourly rates. (*Id.* 7–8.) *See, e.g.*, *Reddick v. Berryhill*, No. 16-cv-29-BTM-BLM, 2019 WL 2330895 (S.D. Cal. May 30, 2019) (approving fees of $43,000.00 for 21.6 hours of work by counsel, resulting in an effective hourly rate of $1,990.74).

      The Court is persuaded that the requested fee is reasonable. Marshall agreed that her counsel would be paid 25% of any past-due benefits, and her counsel chose to bear the risk of non-payment in the event that the appeal was unsuccessful. Marshall's case also involved considerable risk. Her disability claim rested on her fibromyalgia condition. And as the Court recognized, "[t]here are no laboratory tests for the presence or severity of fibromyalgia." (ECF No. 29 (quoting *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001)).) Marshall's claim thus hinged on her subjective pain testimony and her doctors' disputed opinions. And even though the Court agreed that the ALJ erred in handling Marshall's claim, the Court determined there were "uncertainties, ambiguities, and gaps in the record," particularly regarding Marshall's fibromyalgia, that required additional development upon remand. Although Marshall ultimately prevailed upon remand, there was considerable risk that she would never recover past-due benefits when counsel accepted her case.

      Overall, given the circumstances of this case, the Court finds a downward adjustment to the agreed-upon fee is not appropriate. The Court agrees that "[a] single, 25 percent fee" is "a fair price to pay for the services that ultimately yielded an award of benefits to Ms. Marshall, not only for the period prior to the ALJ's decision but also ongoing benefits for

as long as she qualifies." (*See* Mot. 11.) Therefore, the Court will grant Marshall's motion for approval of $44,733.63 in fees under 42 U.S.C. § 406(b).

* * *

Having approved fees under § 406(b), the Court briefly discusses Marshall's counsel's prior EAJA award. As mentioned, the Court awarded Marshall's counsel $5,500 in fees under the EAJA. "Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and [EAJA, 28 U.S.C.] § 2412." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). "However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Id.*; *see also Gisbrecht*, 535 U.S. at 796 (noting the claimant's attorney must refund to the claimant the smaller fee amount). Because here Marshall's counsel's fees under the EAJA and § 406(b) are for the same work, the Court will order Marshall's counsel to remit the $5,500 fee award to Marshall.

## III.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Marshall's motion for approval of attorney's fees under 42 U.S.C. § 406(b) (ECF No. 33). The Court approves Marshall's counsel's request to receive $44,733.63 in fees withheld by the Social Security Administration. Further, the Court **ORDERS** Marshall's counsel to remit to Marshall the $5,500 that counsel received under the EAJA.

**IT IS SO ORDERED.**

**DATED: June 1, 2020**

Hon. Cynthia Bashant
United States District Judge